UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | |
|---|---|
| In re:<br><br>ALLEN BEAULIEU and<br><br>LAURIE BEAULIEU<br><br>Debtor. | ) Case No.: 11-10281<br>)<br>) Chapter 13<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR CONTEMPT AND SANCTIONS

Now Comes Jan M. Sensenich, Chapter 13 Standing Trustee, by and through Michelle Kainen, and moves this Court for an Order finding that PHH Mortgage Corporation is in Contempt of the Order Determining That The Debtors Have Cured All Prepetition Mortgage Defaults And Are Current On Post-Petition Mortgage Payments, and for violation of Federal Rule of Bankruptcy Procedure 3002.1. In support the trustee states as follows:

### Background

1. The debtors' case was filed on March 31, 2011.

2. PHH Mortgage Corporation services the mortgage on the debtors' residence. (claim #8).

3. On May 5, 2016 this Court entered an order determining that the debtors are current with regard to PHH Mortgage Corporation and that no fees are due. (doc. #82).

4. On or about May 25, 2016 PHH Mortgage Corporation sent out a monthly mortgage statement claiming an NSF Fee of $30.00 and a Property Inspection Fee of $56.25. (Exhibit 1).

5. A review of the file reveals that these charges are more than 180 days old. (Exhibit 2).

6. PHH Mortgage Corporation did not file a Notice of Post-petition Fees with the Court.

7. Charging post-petition fees to the debtors' mortgage, without authority to do so, appears to be a systemic problem with PHH Mortgage Corporation. Similar motions are being filed in the following cases: *In re Matthew and Emilie Knisley*, Case No. 12-10512 and *In re Nicholas and Amanda Gravel*, Case No. 11-10112[1].

### Argument

Federal Rule of Bankruptcy Procedure 3002.1(c) requires a mortgage creditor to file and serve on the trustee and debtor a notice itemizing fees incurred on the loan, within 180 days after the date the fees were incurred. No notice was filed in this case, yet PHH Mortgage Corporation has charged the fees to the debtors' mortgage account, despite an order by this court precluding them from doing so. (doc. #82).

While the fees sought in this case are nominal, given the systemic nature of this practice, the collective amounts could be substantial. PHH Mortgage Corporation's conduct constitutes civil contempt and sanctions are warranted. The bankruptcy court has the ability to impose civil sanctions. *In re Alan and Kim Bean*, No. 11-10985, slip op. at 2 (Bankr. D. Vt. Apr. 22, 2015). Trustee seeks sanctions in this case to deter this conduct. Trustee believes that it would be equitable to direct that any monetary sanction be paid directly to a non-profit legal services organization. *See In re Scott Miller*, No. 14-10301, slip op. at 4 (Bankr. D. Vt. July 24, 2015).

Accordingly, trustee requests that this Court:

---

[1] Similar conduct was also found in the recently dismissed case of *In re Kevin and Melissa Daley*, Case. No. 14-10333. The Daley's mortgage is serviced by Century 21 Mortgage, a subsidiary of PHH Mortgage Corporation. (Exhibit 3).

-2-

a) find that PHH Mortgage Corporation is in contempt for violation of the Order Determining That The Debtors Have Cured All Prepetition Mortgage Defaults And Are Current On Post-Petition Mortgage Payments, and for violation of Federal Rule of Bankruptcy Procedure 3002.1;

b) order that PHH Mortgage Corporation remove the fees improperly charged to the debtors' account;

c) order that PHH Mortgage Corporation pay monetary sanctions, in an amount to be determined by the court, to a legal services organization; and

d) grant such further relief as is just..

Dated: June 13, 2016

/s/ *Michelle Kainen*
Michelle Kainen,
Staff Attorney to
Chapter 13 Standing Trustee
P.O. Box 1326
Norwich, VT 05055
Michellekainen@13trusteedvt.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) generated in connection with this document and paper copies will be sent to those indicated as non-registered participants on **June 13, 2016** at the following addresses:

| Donald Hayes<br>Lobe, Fortin & Rees, PLC<br>30 Kimball Avenue, Ste. 306<br>South Burlington, VT 0540<br><br>(BY CM/ECF) | **Thomas Niksa**<br>92 S. Main Street 1B<br>St. Albans, VT 05478<br><br>(BY CM/ECF) | Jan M. Sensenich<br>P.O. Box 1326<br>Norwich, VT 05055<br><br>(BY CM/ECF) | U S Trustee<br>74 Chapel St, Ste 200<br>Albany, NY 12207-2190<br><br>(BY CM/ECF) |
|---|---|---|---|
|  |  |  |  |

Dated: June 13, 2016

/s/ *Michelle Kainen*
Michelle Kainen

-3-